Manuel GREEN, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 99–2191.

United States Court of Appeals,
Second Circuit.

Feb. 28, 2001.

Laura K. Gastorowski, Frederick H. Cohn, NY, NY, for appellant.

William B. Darrow, Ass't U.S. Att'y, D. Vt., Burlington, VT, for appellee.

Present KEARSE, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Vermont, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Petitioner Manuel Green, a federal prisoner serving a 322 month term of imprisonment following his 1993 conviction of narcotics and firearms offenses, appeals from an order entered in the United States District Court for the District of Vermont, J. Garvan Murtha, *Chief Judge,* construing correspondence from Green as a motion to extend his time to file an appeal from a September 1997 denial of relief from his conviction pursuant to 28 U.S.C. § 2255, and denying the extension motion as untimely. On appeal, Green contends that no extension was needed because the court should have deemed his notice of appeal filed as of October 15, 1997, pursuant to *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and Rule 4(c) of the Federal Rules of Appellate Procedure ("FRAP"). For the reasons that follow, we affirm.

The district court records reflect that Green's § 2255 petition was denied by the district court by order entered on September 16, 1997; that the court received no communication from Green for the next 17 months; and that on February 16, 1999, the District Court Clerk's Office ("Clerk's Office") received a letter from Green stating, in pertinent part, as follows:

I am writing to you for the purpose of making inquiry as to my *NOTICE OF APPEAL* submitted to you on the above referenced case on October 15, 1997 to apeal [*sic* ] the ORDER of J. Garvan Murtha, U.S.D.J., entered on September 15 [*sic* ], 1997, denying Petitioner Manuel Green's motion for new trial pursuant to the provisions of 28 U.S.C. § 2255.

Pointedly, it has been over one (1) year that my *NOTICE OF APPEAL* was filed with the District Court; yet, I have as of this date not received any word from the United States Court of Appeals for the Second Circuit regarding this appeal I desire to prosecute.

(Green letter to Office of the Clerk, dated February 9, 1999 ("February 1999 Letter").) By letter dated February 18, 1999, the Clerk's Office responded that it had no record of receiving a notice of appeal from Green. It also stated that the Clerk's Office had inquired of the United States Attorney's Office for the District of Vermont and had been informed that that office had no record of having received a copy of any notice of appeal.

Green replied by letter dated March 1, 1999, stating, *inter alia*, that he was enclosing

a copy of the Notice of Appeal I filed by depositing the same in the institution mailbox with postage prepaid. I request that it be filed nunc pro tunc pursuant to the provisions of *Houston v. Lack*, [487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245] (1986) [*sic*].

(Green letter to Clerk's Office, dated March 1, 1999 ("March 1999 Letter").) Enclosed was a document entitled "NOTICE OF APPEAL," the second paragraph of which states, "I certify that I mailed this NOTICE to the Clerk on October 15, 1997 from FCI Ray Brook, Ray Brook, New York 12977." Green's signature followed that paragraph.

By endorsed order dated March 17, 1999, the district court stated that Green's March 1999 Letter was "[c]onstrued as a request for an extension of time to file an appeal" and was "DENIED as untimely. *See* Fed.R.App.P. 4." Green contends, relying on *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245, and FRAP 4(c), that the court erred in relying on the "mere fact of non-receipt by the clerk" because "a prisoner's notice of appeal is deemed filed when it is given to prison officials for mailing ... even if the district court does not physically receive the notice of appeal, where there is proof that the notice was mailed within the prescribed time period for filing a timely notice of appeal." (Green brief on appeal at 9.) We reject Green's premises and his conclusion.

By 1999, Green's time to file his notice of appeal from the September 1997 order had long since expired. *See* Fed.R.App.P. 4(a)(1). In determining that his March 1999 Letter should be construed as a request for an extension of time to file a notice of appeal, the district court rejected Green's assertion that he had delivered a notice of appeal to the prison authorities on October 15, 1997, and implicitly found that no timely notice of appeal had been filed. We see no clear error in this finding. Although Green stated in his February 1999 Letter that he had filed his notice of appeal on October 15, 1997, the court was not required to credit either that assertion or the assertions in Green's March 1999 Letter. The court was entitled to give

greater weight to the facts that the notice that Green asserted he had deposited in the prison mail system in October 1997 had never been received in the Clerk's Office and that, as revealed in Green's February 1999 Letter, Green took no action for some 16 months-after the claimed mailing-to contact any court with respect to his appeal. Further, the document that Green submitted to the court in March 1999 as a copy of the notice he claimed to have mailed in October 1997 contained Green's "certif[ication]" that the notice had been mailed. Both the past-tense form of that certification and the presence of the certification as an integral paragraph of text in the document, above Green's signature, cast doubt on its authenticity as a copy of a notice of appeal mailed on October 15, 1997.

Thus, we reject Green's argument that the district court's finding was based on "the mere fact of non-receipt" of the notice in the Clerk's Office, and we conclude that the circumstantial evidence of record supported the finding that no notice of appeal had been filed.

Green's reliance on *Houston v. Lack* and FRAP 4(c) is misplaced. In that case, the question was not whether the notice of appeal had in fact been delivered to the prison system; it plainly had been delivered, for it was received by the district court. Rather, the question was, for *pro se* prisoners, able to file their notices of appeal "only by delivering them to prison authorities for forwarding to the appropriate district court," what point in time should be considered the "moment" of filing. 487 U.S. at 268, 108 S.Ct. 2379. The Supreme Court framed the issue as "whether under Federal Rule of Appellate Procedure 4(a)(1) such notices are to be considered filed at the *moment* of delivery to prison authorities for forwarding or at some later *point in time*." 487 U.S. at

268, 108 S.Ct. 2379 (emphases added); *see also id.* at 273, 108 S.Ct. 2379 ("determining the *moment* at which the 'filing' has occurred" (emphasis added)); *id.* ("whether the *moment* of 'filing' occurs when the notice is delivered to the prison authorities or at some *later* juncture in its processing" (emphases added)); *id.* at 275, 108 S.Ct. 2379 ("the policy grounds for the general rule making receipt the *moment* of filing suggest that delivery to prison authorities should instead be the *moment* of filing in this particular context" (emphases added)).

FRAP 4(c) merely codifies the timing principle established by *Houston v. Lack.* The version in effect in October 1997 stated, in pertinent part, that

> *[i]f* an inmate confined in an institution *files* a notice of appeal in either a civil case or a criminal case, the notice of appeal is *timely* filed if it is deposited in the institution's internal mail system on or before the last day for filing. *Timely* filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the *date* of deposit and stating that first-class postage has been prepaid.

Fed.R.App.P. 4(c) (1995) (emphases added). Nothing in either *Houston v. Lack* or FRAP 4(c) requires a court to credit an inmate's representation that a notice of appeal was in fact deposited in the prison mail system and to disregard the countervailing facts that no other evidence of deposit was provided, that the notice was never received, that the inmate did not contact any court for 16 months after his supposed deposit of the notice, and that following that 16 month hiatus the only document submitted to the court as a purported copy of the notice was suspect on its face.

In sum, although a different record might not have permitted the court to make a no-filing finding without soliciting

additional evidence, the record in the present case shows that the court's finding that Green did not file a notice of appeal as he claimed is not clearly erroneous.

We have considered all of Green's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.